**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BEN J. LATHAM,<br><br>Petitioner,<br><br>v.<br><br>TREG TAYLOR,<br><br>Respondent.[1] | Case No. 3:24-cv-00211-SLG |

## ORDER OF DISMISSAL

On September 24, 2024, Ben J. Latham, a self-represented petitioner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[2] Mr. Latham asserts four grounds for his petition. First, Mr. Latham appears to argue that the timeliness requirements of Alaska's post-conviction statutes are unconstitutional.[3] Second, Mr. Latham argues "that the court was without jurisdiction to impose sentence."[4] Third, Mr. Latham asserts "that there exists evidence of material facts, not previously presented and heard by the court,

---

[1] The Court notes that the Treg Taylor is not a proper respondent. The proper respondent in a Section 2254 habeas action must be the state officer who holds custody of the petitioner, for a prisoner this is usually the prison superintendent or warden. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Docket 1.

[3] Docket 1 at 3–4, Docket 1-1 at 34–37.

[4] Docket 1 at 6.

that requires vacation of the conviction of sentence in the interest of justice[.]"[5] Lastly, Mr. Latham asserts that he "was not afforded effective assistance of counsel at trial or on direct appeal."[6] The Petition does not include a request for relief.[7] In support of his Petition, Mr. Latham includes the Petition for Hearing that he submitted to the Alaska Supreme Court.[8] There, he argued that the trial court erred in dismissing his second post-conviction action: *Ben Latham v. State of Alaska*, Case No. 3AN-18-08176CI.[9]

On October 16, 2024, Mr. Latham filed a Motion to Amend Points of Appeal in Petitioner['s] Petition for Writ of Habeas Corpus.[10] Mr. Latham requests the Court accept his Amended Points for Writ of Habeas Corpus at Docket 2, because the Court's form is inadequate to articulate his "some 24 points on Appeal."[11]

The Court takes judicial notice of Mr. Latham's underlying criminal convictions in *State of Alaska v. Ben Latham*, Case No. 3PA-86-1346CR and Case No. 3PA-86-1986CR.[12] Additionally, the Court takes judicial notice of Mr. Latham's

---

[5] Docket 1 at 7.

[6] Docket 1 at 9.

[7] *See* Docket 1. The Court notes that Docket 1 at 14 and 15 appear to replicate page nine of the Petition.

[8] Docket 1-1; Petition for Hearing, *Ben Latham v. State of Alaska* (Alaska 2023) (No. S18653).

[9] Docket 1-1 at 97–98.

[10] Docket 3.

[11] Docket 3 at 1.

[12] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."

post-conviction proceeding in *Ben Latham v. State of Alaska*, Case No. 3AN-18-08176CI and the subsequent appellate actions at A13764, A14033, and S18553.[13]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[14] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[15] Upon screening, it plainly appears that Mr. Latham is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

A federal court lacks jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[16] The core of habeas corpus is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody."[17] A writ of habeas corpus may only grant relief that

---

BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[13] *Id.*

[14] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[15] *Id.*

[16] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

[17] *Id.* at 929–30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

if successful would "necessarily lead to his immediate or earlier release from confinement" or a "quantum change in the level of custody."[18]

Federal district courts may review the judgment of a state court only on the ground that the Petitioner is "in custody in violation of the Constitution or the laws or treaties of the United States."[19] "Custody" is a jurisdictional requirement for habeas review under 28 U.S.C. § 2254.[20] This requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."[21] While a petitioner need not be in actual, physical custody to access habeas review, a "petitioner must show that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'"[22] For instance, a prisoner

---

[18] *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc); *Nettles v. Grounds ("Santos")*, 788 F.3d 992, 1005 (9th Cir. 2015) (holding that a federal district court had habeas jurisdiction over a petitioner's claim asking for a disciplinary record to be expunged, because the expungement would lead to a speedier release from punitive segregation).

[19] 28 U.S.C. § 2254(a).

[20] 28 U.S.C. § 2245(a); *see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cty., California*, 411 U.S. 354, 351 (1973) (holding "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

[21] *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) (quoting *Hensley*, 411 U.S. at 351).

[22] *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

released on his own recognizance, bail, or parole constitutes being "in custody" for habeas review.[23] A petitioner is not in custody under a fully expired conviction.[24]

Mr. Latham's underlying convictions stem from indictments issued in 1986.[25] Mr. Latham states that he was sentenced to eight and one-half years prison with 18 months suspended and provides a prisoner number.[26] He provides a local address on his filings with an apartment number.[27] Moreover, Mr. Latham lists his place of confinement as "released from confinement and released from Prob[a]tion."[28] Plainly, the Petition presents facts showing that Mr. Latham is neither incarcerated, nor subject to a significant restraint upon his liberty that would constitute as being "in custody."

**CONCLUSION**

Because Mr. Latham is not in custody, this Court does not have jurisdiction over his 28 U.S.C. § 2254 petition. Accordingly, the Court must dismiss the Petition for lack of jurisdiction.

**IT IS THEREFORE ORDERED**:

---

[23] *See Hensley*, 411 U.S. at 351; *Lefkowitz v. Newsome*, 420 U.S. 283, 286 n.2, 291 n. 8 (1975); *Jones*, 371 U.S. at 242–43.

[24] *See Maleng v. Cook*, 490 U.S. 488, 492 (1982) (per curiam).

[25] The Court takes judicial notice that the trial courts of the State of Alaska mark the year of a case commencement by the two center digits in a case number. *Supra* note 2.

[26] Docket 1 at 1.

[27] Docket 3 at 1.

[28] Docket 1 at 1.

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
2. All pending motions are **DENIED AS MOOT**.
3. A Certificate of Appealability shall not issue.[29]

DATED this 4th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

[29] 2253(c)(2); *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).